NOT DESIGNATED FOR PUBLICATION

No. 127,350

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDRE D. SANDERS-PATRICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 27, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Andre D. Sanders-Patrick appeals the district court's order modifying the conditions of his probation after he admitted to a violation. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

On May 11, 2022, Sanders-Patrick pleaded guilty to one count of possession of cocaine. On July 8, 2022, the district court sentenced him to 12 months' imprisonment but granted probation for 12 months to be supervised by court services.

1

On March 10, 2023, Sanders-Patrick tested positive for THC, and he admitted using THC twice in the days leading up to the urinalysis test. Sanders-Patrick admitted that he violated the terms of his probation and agreed to serve a three-day jail sanction.

Soon after, on May 8, 2023, a warrant was issued alleging that Sanders-Patrick had tested positive for cocaine and THC on May 3, 2023, and failed to make payments on his costs and fees as a condition of probation. The district court held a hearing on June 15, 2023, where Sanders-Patrick admitted the allegations. The district court continued disposition to a later date. On July 5, 2023, the district court extended the probation for 12 months based on Sanders-Patrick's consent.

The disposition hearing was held on February 1, 2024. At the hearing, Sanders-Patrick asked that the district court terminate his probation because he had sought drug treatment and had otherwise satisfied the conditions of his probation. The district court declined and ordered that Sanders-Patrick's supervision be transferred to community corrections, that he continue drug and alcohol treatment, that he engage in the NexStep Unlocked program, and that he serve another three-day jail sanction. The district court observed that Sanders-Patrick was charged in a new case with criminal discharge of a firearm and noted his history of drug use. Sanders-Patrick timely appealed.

On April 26, 2024, Sanders-Patrick moved for the summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State responded and did not contest summary disposition. We granted Sanders-Patrick's motion on May 16, 2024.

ANALYSIS

On appeal, Sanders-Patrick claims the district court "abused its discretion by continuing the probation with additional conditions such as community corrections

2

supervision." He does not expand on this argument. The State responds that the district court's order continuing the probation with new conditions was within its discretion.

When a defendant has admitted violating the conditions of probation, we review the appropriateness of the district court's disposition for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Sanders-Patrick does not allege that the district court's order was based on an error of fact or law. Nor was the district court's decision arbitrary, fanciful, or unreasonable. The district court observed that Sanders-Patrick had a new criminal case pending against him, making it an inopportune time to terminate his probation. Sanders-Patrick also had a history of drug use which caused him to violate his probation on a prior occasion. Under those circumstances, the district court reached the reasonable conclusion that Sanders-Patrick should remain on probation with conditions related to drug treatment and with supervision by community corrections. Sanders-Patrick has not shown that the district court abused its discretion in modifying the conditions of his probation.

Affirmed.